**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| JAMES BALDWIN, | : | |
| Plaintiff | : | |
| v. | : | 1:05-CV-120 (WLS) |
| BOB WHITE RENTS, | : | |
| Defendant | : | |

**ORDER**

Before the Court is Plaintiff's Motion to Amend/Correct Complaint (Doc. 23), Defendant's Motion for Summary Judgment (Doc. 24), and Plaintiff's Motion for Extension of Time (Doc. 30). For the following reasons, Plaintiff's Motion to Amend/Correct Complaint (Doc. 23) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. 24) is **DENIED AS MOOT**; and Plaintiff's Motion for Extension of Time (Doc. 30) is **DENIED AS MOOT**.

**DISCUSSION**

Plaintiff moves to amend his Complaint to clarify the factual bases upon which he asserts claims under 42 U.S.C. §§ 1981, 1983, 2000e. (Doc. 23). While leave to amend "shall be freely given when justice requires," the district court enjoys the discretion to deny said leave when the proposed amendment would be futile. Fed. R. Civ. P. 15(a); *see also* United Food and Commercial Workers Unions v. Philip Morris, Inc., 223 F.3d 1271, 1275 (11th Cir. 2000).

In this case, because Plaintiff's claims are asserted against Defendant, which is neither alleged to be nor is in fact a state actor, his Section 1983 claim would be futile and cannot be permitted to go forward. *See* Butts v. County of Volusia, 222 F.3d 891, 892 (11th Cir. 2000) (section 1983 constitutes the exclusive remedy against state actors for violations of rights contained in section 1981). It is likewise futile to permit Plaintiff to amend his Complaint to assert Section 1981 and Title VII claims as both rely on allegations litigated before an administrative hearing officer of the Georgia Department of Labor and reviewed by the Superior Court of Dougherty County, Georgia. (*See* Doc. 24, Exhs. 3-5).

In Shields v. BellSouth Adver. & Publ'g Co., 254 F.3d 986 (11th Cir. 2001), the Eleventh

Circuit established that "a Superior Court's finding in an unemployment compensation appeal that there is no evidence...that [a plaintiff's] protected status motivated his discharge [ ] collaterally estop[s] the employee as a matter of Georgia law from establishing in a subsequent wrongful termination lawsuit in state court that he was terminated because of his protected status. In this case, as was the case with the plaintiff in Shields, a Superior Court, in an unemployment compensation appeal, found that Plaintiff's protected status (in this case his race) did not motivate his discharge. Notably Plaintiff does not seek to amend his Complaint to assert that he was not afforded a full and fair opportunity for hearing according to due process standards. Nevertheless, upon the Court's *sua sponte* review of the aforementioned proceedings, based on the record as presently before it, the Court finds said proceedings to have been conducted in a manner respective of due process. The Court, therefore, must find as the Eleventh Circuit found in Shields, that because the operative allegations in this case have already been litigated, and because the proceedings in which said allegations were litigated were compliant with due process standards, Plaintiff is barred by the doctrine of collateral estoppel from revisiting the reasons behind his dismissal. *See* Shields. There being no other allegedly operative facts, other than those collaterally estopped, the Court must conclude that Plaintiff's Section 1981 and Title VII claims are barred. Amendment to include the same as proposed by Plaintiff would be futile.

As the Court has found that granting leave to amend Plaintiff's Complaint to clarify the factual bases upon which he asserts his 42 U.S.C. §§ 1981, 1983, 2000e claims would be futile, Plaintiff's Motion to Amend/Correct Complaint (Doc. 23) is **DENIED**. As a consequence of the denial of Plaintiff's Motion to Amend/Correct Complaint, there remains no cognizable claim upon which to maintain this action. Pursuant to Fed. R. Civ. P. 12(b)(6), the Complaint is **DISMISSED**. Defendant's Motion for Summary Judgment (Doc. 24) is **DENIED AS MOOT** and Plaintiff's Motion for Extension of Time (Doc. 30) is **DENIED AS MOOT**.

**SO ORDERED**, this  2nd  day of February, 2007.

 /s/W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT JUDGE**